# CHARLES H. JOHNSTON v. ILLINOIS CENTRAL RAILROAD COMPANY.[1]

November 27, 1914.

Nos. 18,839—(89).

**Question for jury.**

Whether plaintiff was employed by defendant or by another company was, under the evidence, a question for the jury. [Reporter.]

Action in the district court for Ramsey county to recover $25,000 for personal injury received while in the employ of defendant. The case was tried before Brill, J., who when plaintiff rested granted defendant's motion to dismiss the action. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Samuel A. Anderson* and *A. F. Storey,* for appellant.

*Butler & Mitchell,* for respondent.

[1] Reported in 149 N. W. 1069.

PER CURIAM.

Plaintiff, a member of a switching crew employed in the railroad yards at Memphis, Tennessee, brought this suit to recover damages for personal injuries sustained through the negligence of another switching crew employed in the same yards. He alleged, in his complaint, that defendant and the Yazoo & Mississippi Valley Railroad Co. operated the yards in question jointly, and that he and all other switchmen, at work therein, were employed by these two companies jointly. He brought suit against the defendant, the Illinois Central Railroad Company, only. Defendant, in its answer, denied ever employing him, and alleged that he was employed solely and exclusively by the Yazoo & Mississippi River Railroad Co. At the close of plaintiff's evidence, defendant made a motion to dismiss the suit, which was granted upon the ground that plaintiff had failed to prove that he was in the employ of defendant. Plaintiff moved for a new trial, and appealed from an order denying his motion.

The only question presented is whether the evidence was sufficient to make a question for the jury as to whether plaintiff was in the employ of defendant at the time of the accident. It would require considerable space and serve no useful purpose to recapitulate the evidence. It is sufficient to say that there was substantial evidence tending to show that plaintiff was in the employ of defendant. There was also substantial evidence tending to show that he was in the employ of the other company. Whether he was employed by the defendant, either alone or in connection with the other company, or by the other company only, was a fair question for the jury, under all the evidence, and should have been submitted to them.

Order reversed.